The order below is hereby signed.

Signed: March 09, 2006.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
KAREN V. JACOBS,               )        Case No. 05-01744
                               )        (Chapter 7)
              Debtor.          )

ORDER DENYING REQUEST FOR HEARING TO BAR ENTRY OF
DISCHARGE AND DIRECTING THE CLERK OF THE COURT TO ENTER DISCHARGE

On January 24, 2006, the court entered its Order and Notice re Opportunity to Request Hearing under 11 U.S.C. Section 727(a)(12) to Bar Entry of Discharge (D.E. No. 17), which gave notice to any party in interest to the debtor's case that a request for a hearing to consider barring the entry of the debtor's discharge needed to be filed within twenty-one days of the entry of the court's order.  The court has received one such request from the debtor's landlord.  Consequently, the court must decide whether a hearing is necessary based on the substance of the request before it can enter a valid discharge pursuant to 11

U.S.C. § 727.[1]

The court concludes that the landlord's request should be

denied.  Section 727 of the Bankruptcy Code provides that

(a)  The court shall grant the debtor a discharge,
     unless –
(12) the court after notice and a hearing held not
     more than 10 days before the date of the
     entry of the order granting the discharge
     finds that there is reasonable cause to
     believe that –
     (A)  section 522(q)(1) may be applicable to
          the debtor; and
     (B)  there is pending any proceeding in which
          the debtor may be found guilty of a
          felony of the kind described in section
          522(q)(1)(A) or liable for a debt of the
          kind described in section 522(q)(1)(B).

11 U.S.C. § 727(a)(12) (emphasis added).

Section 522(q)(1) of the Bankruptcy Code, in turn, provides

that

(q)(1)    As a result of electing under subsection
          (b)(3)(A) to exempt property under State or
          local law, a debtor may not exempt any amount
          of an interest in property described in
          subparagraphs (A), (B), (C) and (D) of
          subsection (p)(1) which exceeds in the
          aggregate $125,000 if –
          (A)  the court determines, after notice and a
               hearing, that the debtor has been
               convicted of a felony (as defined in
               section 3156 of title 18), which under
               the circumstances, demonstrates that the
               filing of the case was an abuse of the
               provisions of this title; or
          (B)  the debtor owes a debt arising from –

---

[1]  The court erroneously entered an order discharging the
debtor without having considered the landlord's request on
February 28, 2006 (D.E. No. 20).  That order was vacated by the
court on March 7, 2006.

(i) any violation of the Federal
securities laws (as defined in section
3(a)(47) of the Securities Exchange Act
of 1934), any State securities laws, or
any regulation or order issued under
Federal securities laws or State
securities laws;
(ii) fraud, deceit, or manipulation in a
fiduciary capacity or in connection with
the purchase or sale of any security
registered under section 12 or 15(d) of
the Securities Exchange Act of 1934 or
under section 6 of the Securities Act of
1933;
(iii) any civil remedy under section
1964 of title 18; or
(iv) any criminal act, intentional tort,
or willful or reckless misconduct that
caused serious physical injury or death
to another individual in the preceding 5
years.

11 U.S.C. § 522(q)(1) (emphasis added).

It would strain the faculties of the layperson and the
lawyer alike to try to understand why Congress linked these

statutes together in the manner provided by § 727(a)(12).[2]

Nevertheless, the gist of the provision is that a debtor will not

receive a discharge if (1) the debtor is subject to § 522(q)(1)

(i.e., has elected to exempt property under state or local law

rather than under the federal exemptions contained in § 522(d))

and (2) the debtor has (a) been convicted of a type of felony

that suggests that her bankruptcy filing is abusive, (b) violated

certain federal securities laws, or (c) engaged in criminal,

intentional, or reckless misconduct leading to the serious

physical injury or death of another person in the previous five

years.

The debtor in this case has elected to use the federal

exemptions provided by § 522(d) rather than the applicable state

or local exemptions.  Consequently, she is not subject to §

---

[2]  The House Report preceding the passage of § 330 of the
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,
Pub. L. 109-8 (2005), states that § 727(a)(12) was designed
    to require the court to withhold the entry of a
    debtor's discharge order if the court, after notice and
    a hearing, finds that there is reasonable cause to
    believe that there is a pending proceeding in which the
    debtor may be found guilty of a felony of the kind
    described in Bankruptcy Code section 522(q)(1) or
    liable for a debt of the kind described in Bankruptcy
    Code section 522(q)(2).
H.R. Rep. No. 31, 109th Cong., 1st Sess. 330 (2005).
    This language explains the existence of § 727(a)(12)(B), but
it does not account for § 727(a)(12)(A), which sets forth the
threshold requirement that the debtor elect to use state or local
exemptions rather than the exemptions provided by § 522(d).
Without any legislative history suggesting an alternative meaning
for this provision, the court must interpret sub-section (A)
according to its plain meaning.

4

522(q)(1) and, by extension, § 727(a)(12).  The debtor's request

that the court bar the entry of the discharge pursuant to that

same provision must fail.  For that reason, it is

ORDERED that the sole request for a hearing to bar entry of

the discharge filed in this case (D.E. No. 19) is DENIED; and it

is further

ORDERED that the clerk of the court enter a discharge of the

debtor's debts pursuant to 11 U.S.C. § 727 upon the entry of this

order.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list