The order below is hereby signed.

Signed: March 23, 2006.



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
KAREN V. JACOBS,              )    Case No. 05-01744
                              )    (Chapter 7)
          Debtor.             )
```

ORDER DENYING MOTION TO RECONSIDER
REQUEST FOR HEARING TO BAR ENTRY OF DISCHARGE

On March 9, 2006, the court entered its Order Denying Request for Hearing to Bar Entry of Discharge and Directing Clerk of the Court to Enter Discharge (D.E. No. 23), in which the court discussed at length why it could not grant the request of the debtor's landlord for a hearing to determine whether the debtor should be denied a discharge under 11 U.S.C. § 727(a)(12) (D.E. No. 19, filed February 10, 2006). The landlord now asks the court to reconsider its prior order because, in the landlord's opinion, the debtor has violated 11 U.S.C. § 522(q)(1) by, among other things, concealing the landlord's mail, concealing income derived from the debtor's roommate, failing to forward security deposits to the landlord, having "[c]haracter and law enforcement issues," and failing to explain to her landlord why she cannot

pay her rent (D.E. No. 29, filed March 20, 2006).

As the court explained in its prior order, the debtor cannot be denied a discharge under § 727(a)(12) because she has not claimed state or local exemptions on her schedules.  This result remains the same no matter what the debtor has done to the landlord or anyone else.  There are other provisions in the Bankruptcy Code that permit the denial of a debtor's discharge in general or with respect to specific debts, but the debtor's landlord has not invoked those provisions and the deadline for enforcing such provisions has passed.

The court understands that the debtor's landlord feels wronged by the debtor, but there are many ways--both in this court and outside it--that the landlord can seek redress for the debtor's wrongs.  Section 727(a)(12) is not one of them.  It is therefore

ORDERED that the Motion to Reconsider Hearing to Bar Entry of Discharge (D.E. No. 29) is DENIED.

[Signed and dated above.]

Copies to: Debtor; debtor's counsel; chapter 7 trustee; Charles J. Murphy, 14 O Street, NW, Washington, DC 20001